RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
_Eastern_ DIVISION

OCT 17 2016

RICHARD W. NAGEL
Clerk Of Court
CINCINNATI, OHIO

Joseph N. Fonge
(Enter Above the Name of the Plaintiff in this Action)

2:16CV995

J. Marbley
MJ. Deavers

vs.

Settlement Administrator (GCG)
(Enter above the name of the Defendant in this Action)

If there are additional Defendants, please list them:

Adam J. Levitt, Grant & Eisenhofer P.A.
John E. Tangren
Gregory M. Travalio, Isaac, Wiles, Burkholder & Teetor, LLC
Mark H. Troutman

**COMPLAINT**

I. Parties to the action:

Plaintiff: Place your name and address on the lines below. The address you give must be the address where the court may contact you and mail documents to you. A telephone number is required.

Joseph N. Fonge
Name - Full Name Please - PRINT

35 Crest Ave
Street Address

Chelsea, MA 02150
City, State and Zip Code

585 208 6540
Telephone Number

If there are additional Plaintiffs in this suit, a separate piece of paper should be attached immediately behind this page with their full names, addresses and telephone numbers. If there are no other Plaintiffs, continue with this form.

Defendant(s):

Place the name and address of each Defendant you listed in the caption on the first page of this Complaint. This form is invalid unless each Defendant appears with full address for proper service.

1. Adam J. Levitt, John E. Tangren (Grant & Eisenhofer P.A.)
   Name - Full Name Please
   30 North LaSalle Street, Suite 1200, Chicago, Illinois 60602
   Address: Street, City, State and Zip Code

2. Gregory M. Travalio, Mark H. Troutman (Isaac, Wiles, Burkholder & Teetor, LLC)
   Two, Miranova Place, Suite 700, Columbus, Ohio 43215

3. Settlement Administrator, In Re Porsche Cars North America, Inc. Plastic coolant Tubes Product Liability Litigation % GCG

4. PO Box 35081
   Seattle, WA 98124-3508

5. PCNA's Designated Counsel
   William Kiniry, Jr. DLA Piper LLP (US)

6. One Liberty Place
   1650 Market Street, Suite 4900 Philadelphia, PA 19103

If there are additional Defendants, please list their names and addresses on a separate sheet of paper.

II. Subject Matter Jurisdiction

Check the box or boxes that describes your lawsuit:

☑ Title 28 U.S.C. § 1343(3)
   [A civil rights lawsuit alleging that Defendant(s) acting under color of State law, deprived you of a right secured by federal law or the Constitution.]

☐ Title 28 U.S.C. § 1331
   [A lawsuit "arising under the Constitution, laws, or treaties of the United States."]

☐ Title 28 U.S.C. § 1332(a)(1)
   [A lawsuit between citizens of different states where the matter in controversy exceeds $75,000.]

☑ Title 28 United States Code, Section 1407
   [Other federal status giving the court subject matter jurisdiction.]

-2-



# Memorandum

To: Honorable William G. Young, United States District Judge
From: Christopher Moriarty, Sr. United States Probation Officer
CC: Victor A. Wild, AUSA; Benjamin Brooks, Counsel for Defendant
Date: August 30, 2016
Re: FONGE, Joseph: 14-CR-10194-WGY-1

---

On March 4, 2015, Joseph Fonge appeared before the Court, having previously plead guilty to three counts of Wire Fraud, in violation of Title 18, U.S.C. § 1343. Mr. Fonge was sentenced to four months BOP custody, followed by 36 months of supervised release, which included the following special condition:

> 2. The defendant is to serve 4 months in home detention with location monitoring equipment and shall pay for the costs of the program as determined under the national contract. Defendant is responsible for returning the monitoring equipment in good condition and may be charged for replacement or repair of equipment.

Mr. Fonge completed his term of BOP custody on August 13, 2015. However, at that time he was taken into ICE custody pending deportation. On August 25, 2016, Mr. Fonge was granted an Adjustment of Status by ICE and was released after having been detained for a year and 12 days. Mr. Fonge reported to the U.S. Probation & Pretrial Services Office the following day for his intake.

While Mr. Fonge was sentenced to a term of four months BOP custody, his subsequent detention by ICE ultimately resulted in him serving a term of over 16 months in custody. Given this additional time in custody, which was not anticipated at the time of Sentencing, this office would respectfully request that the above special condition for four months of home detention with location monitoring be removed. This office would note that Mr. Fonge's guideline imprisonment range at the time of Sentencing was 8 months to 14 months. This officer has discussed this matter with AUSA Victor A. Wild, who has advised that he does not object to this proposed change to Mr. Fonge's supervised release conditions.

If Your Honor concurs with this recommendation, please affix your signature below. If the Court has any questions, or if I may be of assistance in any way, please feel free to contact me at 617-748-4412, or at christopher_moriarty@map.uscourts.gov.

Reviewed/Approved by:                           Respectfully submitted:

/s/Alicia Howarth                               /s/Christopher P. Moriarty
Alicia Howarth,                                 Christopher P. Moriarty
Supervising U.S. Probation Officer              Senior U.S. Probation Officer

[✓]  Home Detention with Location Monitoring condition is removed.
[ ]  Other: _____
            _____
            _____

1

_William G. Young_
Honorable William G. Young,
United States District Judge

Date: Sept. 1, 2016

III. Statement of Claim

Please write as briefly as possible the facts of your case. Describe how each Defendant is involved. Include the name of all persons involved, give dates and places.

Number each claim separately. Use as much space as you need. You are not limited to the papers we give you. Attach extra sheets that deal with your statement claim immediately behind this piece of paper.

The Administrator determined that my claim package lacked sufficient information to establish all the necessary elements of an eligible claim, that defficiency letters were sent to me and that because the appeals period is over and final payments have been made, the matter is considered closed. However, I submitted supporting document explaining why I could not have submitted the missing information and requested that my claim be reconsidered due to my particular circumstances but the administrator has been moot. Please see attached a copy of the letter.

My claim was received by the Administrator on 1/13/14. The notice of deficiency that the Administrator sent was dated 2/12/16 with a dateline of 3/18/16 while the notice of rejection was also dated 5/20/16 and having a deadline of 6/10/16. During this time period, I was still serving time in prison and did not receive them. The lengthy delay in requesting additional information resulted in application of more adverse standards then would have been applied had the administrator requested the information when he received my claim about two years ago.

Had the Administrator sent out the deficiency letters when it was determined my package lacked the necessary elements, I would have nonetheless, provided the missing information in order to make sure my claim is not denied during the dependency period. Because the delay in requesting the information is of no fault of mine and because I had a plausible reason for failing to timely submit the additional information, I should not suffer the extreme adverse results that flowed from that decision.

IV. Previous lawsuits:

If you have been a Plaintiff in a lawsuit, for each lawsuit state the case number and caption.
(Example, Case Number: 2:08-cv-728 and Caption: <u>John Smith</u> vs. <u>Jane Doe</u>).

| Case Number | Caption |
|---|---|
| 2:11-md2233 | In Re: Porsche Cars North America, Inc. Plastic coolant Tubes Products Liability Litigation |
| _____ | _____ vs. _____ |
| _____ | _____ vs. _____ |

V. Relief

In this section please state (write) briefly exactly what you want the court to do for you. Make no legal argument, cite no case or statutes.

The administrator's failure to commence sending out the deficiency letter when statutorily required to do so, violated a substantial due process right by effectively denying me a claim to the settlement that otherwise would have been available to me. I had vested right then because I was eligible for a refund. Just because I could not submit the additional information due to reason beyond my control should not preclude my claim from further reconsideration. Further, the fact that the appeals period and final payments were made while I was incarcerated did not eliminate the administrator's obligation to reconsider my outstanding claim and me the opportunity to resubmit the missing information?

I state under penalty of perjury that the foregoing is true and correct. Executed on this 12 day of October, 2016

_Joseph Jonfe_
Signature of Plaintiff