UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOSEPH N. FONGE,

    Plaintiff,

    v.

SETTLEMENT ADMINISTRATOR, *et al.,*

    Defendants.

Civil Action 2:16-cv-995
Judge Algenon L. Marbley
Magistrate Judge Elizabeth P. Deavers

### INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, Joseph N. Fonge, who is proceeding without the assistance of counsel, brings this action against attorneys Adam J. Levitt, John Tangren, Gregory Travalio, and Mark Troutman; "Settlement Administrator, In re Porsch Cars North America, Inc. Plastic Coolant Tubes Products Liability Litigation"; and "PCNA's Designated Counsel William Kiniry, Jr." (collectively "Defendants"), asserting due process claims pursuant to 42 U.S.C. § 1983. (Pl.'s Compl. 2, ECF No. 1-1.)  The Court previously granted Plaintiff's request to proceed *in forma pauperis*.  (ECF No. 2.)  This matter is now before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Fed. R. Civ. P. 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and

---

[1]Formerly 28 U.S.C. § 1915(d).

conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Furthermore, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  In addition, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'"  *Garrett v. Belmont County Sheriff's Dept.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

## II.

According to his Complaint, in January 2014, Plaintiff submitted a "claim package" to the Settlement Administrator in connection with a class-action settlement reached in *In re Porsch Cars North America, Inc. Plastic Coolant Tubes Products Liability Litigation*, Case Number 2:11-md-2233.  (Pl.'s Compl. 5, ECF No. 1-1.)  In February 2016, the Settlement Administrator sent Plaintiff a notice of deficiency, informing him that his claim was deficient and required supplementation.  Plaintiff failed to receive the deficiency notice because he was incarcerated.  Plaintiff consequently failed to timely correct the identified deficiencies, resulting in the denial of his claim for the settlement benefit.  Upon release from incarceration, Plaintiff

unsuccessfully sought reconsideration of his claim.

Plaintiff maintains that the Settlement Administrator's delay in sending him the deficiency letter "violated a substantial due process right by effectively denying [him] a claim to the settlement that otherwise would have been available to [him]." (*Id*. at 6.)  He also maintains that the Settlement Administrator was obligated to provide him an opportunity to correct any deficiencies and reconsider his claim upon his release from prison.

As best as the Court can discern (and consistent with his notation on the Civil Cover Sheet, ECF No. 1-2), Plaintiff seeks to assert a claim under 42 U.S.C. § 1983 for violation of the Due Process Clause of the Fourteenth Amendment premised upon his allegations that the Settlement Administrator's actions deprived him of his property interest in a claim benefit without due process of law.  Plaintiff fails to identify the nature of the relief he seeks.

### III.

Plaintiff's Complaint cannot support a cause of action under § 1983.  In order to plead a cause of action under § 1983, Plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution of laws of the United States (2) caused by a person acting under color of state law."  *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)); *see also Dist. Atty's Office v. Osborne*, 557 U.S. 52, 129 S.Ct. 2308, 2318 (2009) (explaining that § 1983 is a federal civil rights statute "which gives a cause of action to those who challenge a State's 'deprivation of any rights . . . secured by the Constitution.'").

Plaintiff's Complaint falls short with regard to the second element of a § 1983 claim.  To sufficiently plead the second element, Plaintiff's Complaint must contain allegations from which the Court could conclude that Defendants' actions could be considered the actions of the State

for purposes of § 1983 liability. Defendants are individuals employed by private entities. The conduct of private individuals or entities may be considered state action "if, [and] only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n,* 531 U.S. 288, 295 (2001) (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974)). Plaintiff's Complaint contains no allegations from which the Court could infer that there is a "close nexus" between the State and the Settlement Administrator's denial of his claim. The Undersigned therefore concludes that Plaintiff has failed to allege facts upon which this Court could conclude that Defendants acted under the color of state law.

Because Plaintiff has failed to state a valid § 1983 claims against Defendants, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IV.**

For the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and

Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted))

    **IT IS SO ORDERED.**

Date: December 27, 2016            /s/ *Elizabeth A. Preston Deavers*
          ELIZABETH A. PRESTON DEAVERS
          UNITED STATES MAGISTRATE JUDGE